MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
200 Biscayne Boulevard, Suite 5300
Miami, FL 33131
T:  305.415.3000
F:  305.415.3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Clara Kollm (*pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T:  202.739.3000
F:  202.739.3001
stephanie.schuster@morganlewis.com
clara.kollm@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T:  213.612.2500
F:  213.612.2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*
*Uber Technologies, Inc. & Rasier, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHAN NAMISNAK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-06124-RS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION REGARDING PARTICIPATION IN THE GENERAL ORDER 56 SETTLEMENT CONFERENCE**<br><br>Judge: Hon. Richard Seeborg |

**PRELIMINARY STATEMENT**

Plaintiffs live in New Orleans, Louisiana, claim to have suffered discrimination in New Orleans, Louisiana, but chose to sue Uber Technologies, Inc. ("Uber") and one of its subsidiaries in San Francisco, California. Plaintiffs admit that they shopped for this forum in order to pursue claims for damages under California statutes (the California Disabled Persons Act and the California Unfair Competition Law). Plaintiffs now seek leave to avoid coming to California in an attempt to reach a settlement—citing physical limitations and a lack of funds—without explaining how they will prosecute this California-based action. Plaintiffs also have rejected two reasonable, alternative solutions offered by Defendants. Defendants are sympathetic to Plaintiffs' circumstances, but General Order 56 and basic fairness dictate that their motion should be denied.

**RESPONSE**

Every ADA case filed in this Court is subject to General Order 56. And pursuant to General Order 56, the parties are required to participate in an in-person settlement conference. ECF No. 3. Because Plaintiffs chose this forum, and because one of their lawyers and the Defendants and their decision-makers are here, the conference should be held in San Francisco.

Uber wants the conference to be productive, and an in-person meeting is necessary for that result. "[T]he physical presence, rather than the availability by telephone, of those individuals with the authority to settle cases substantially increases the likelihood of settlement and leads to more meaningful negotiations." *Mobley v. Rochester*, No. 14-02052, 2016 WL 2909714, at *1 (D. Ariz. May 19, 2016); *see, e.g.*, *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 486 (D. Ariz. 2003) ("For settlement conferences to be productive and worthwhile … , settlement negotiations must take place in the physical presence of the parties and qualified representatives from both sides.").[1] That is why General Order 56—which applies in ADA cases only—requires in-person

---

[1]    *Dunaway v. Estate of Aiken*, No. 11-0049 2011 WL 6211228, at *2 (S.D. Ind. Dec. 14, 2011) ("[C]ourt-ordered settlement conferences are serious attempts to settle claims and are intended to convey information helpful and important to the ultimate decision makers. The parties who attend settlement conferences owe it to each other and the court to take these conferences seriously. Our orders, therefore, require people with actual authority to settle the case to be present in person and to actively participate in the decision."); *Dvorak v. Shibata*, 123 F.R.D. 608,

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION REGARDING PARTICIPATION IN THE
GENERAL ORDER 56 SETTLEMENT CONFERENCE

settlement discussions.  Gen. Order 56 § 4 ("[T]he parties … shall meet in person and confer regarding settlement of the action.  The meet and confer obligation cannot be satisfied by telephone or by exchanging letters.").  So the parties have a chance at fruitful discussions, Plaintiffs' request to participate by videoconference should be denied.

Plaintiffs have not participated "in two in-person conferences to discuss settlement," ECF No. 34 ("Pl. Mot.") at 2; they have not participated in any settlement discussions.  The plaintiffs in *Crawford v. Uber Technologies, Inc.*, No. 3:17-02664 (N.D. Cal.), participated in an in-person settlement conference (pursuant to General Order 56).  Declaration of Anne Marie Estevez ("Estevez Decl.") ¶ 3.  Plaintiffs here did not attend the *Crawford* meeting (which was held before they filed this lawsuit).  *Id.*  And, in December 2017, one of Plaintiffs' lawyers attended a meeting with Uber's in-house and outside counsel to discuss settlement.  *Id.* ¶ 4.  Plaintiffs were invited to attend the December 2017 meeting, but they declined.  *Id.*  While this case and *Crawford* have been related pursuant to Civil Local Rule 3-12 (ECF No. 23), the claims Plaintiffs assert here are their own; they are not the *Crawford* plaintiffs' claims and they are not their lawyers' claims.  And, accordingly, it is Plaintiffs—not the *Crawford* plaintiffs and not their lawyers—who have ultimate authority to settle their claims.

Defendants have offered two solutions that would allow for an in-person meeting without requiring Plaintiffs to travel: (i) to transfer this litigation by agreement to the Eastern District of Louisiana (which is seated in New Orleans); or (ii) to hold the meeting in New Orleans, so long as Plaintiffs pay one Uber client-representative's travel expenses (and *not* for the travel costs of Defendants' outside counsel).  *Id.* ¶ 9.  Plaintiffs declined both offers:

- They declined to transfer based on their belief that their California law claims will not be successful in the Eastern District of Louisiana.  *Id.* ¶¶ 10–11.

- They declined the offer to meet in New Orleans as well.  Although Plaintiffs

609 (D. Neb. 1988) ("It is often true that as a result of such presentations, the clients' positions soften to the extent that meaningful negotiation, previously not seriously entertained, becomes possible. This dynamic is not possible if the only person with authority to negotiate is located away from the courthouse and can be reached only by telephone.").

Case No. 3:17-cv-02664-RS

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION REGARDING PARTICIPATION IN THE GENERAL ORDER 56 SETTLEMENT CONFERENCE

1   acknowledged that covering the cost of one Uber-client representative's travel expenses
2   would cost less than sending just Plaintiffs' lawyers to California, Plaintiffs said they do
3   not want to "pay Uber." *Id.*

4       Plaintiffs' request for an order that the meeting be held in New Orleans should also be
5   denied, unless Plaintiffs are willing to pay for one Uber client-representative's travel expenses, as
6   Uber has offered.  Plaintiffs chose to litigate in this Court, even though they could have litigated
7   in a federal court closer to home.  They readily admit that they chose this forum for their benefit,
8   believing they could not assert their damages claims under California law elsewhere.  *Id.* ¶ 11.
9   Having used that venue strategy, Plaintiffs ought not be allowed to ignore the Court's General
10  Orders.[2]  "To the extent it inconveniences the plaintiffs to litigate here, that was a burden they
11  voluntarily assumed when they chose to file in California."  *Crawford v. Uber Techs., Inc.*,
12  No. 3:17-cv-02664, ECF No. 43, at 5 (N.D. Cal. Oct. 11, 2017) (Seeborg, J.).

13                                 **CONCLUSION**

14      Plaintiffs' motion should be denied.  Plaintiffs' in-person participation in the settlement
15  conference will facilitate meaningful discussions, as reflected in General Order 56's requirement
16  for in-person conferences.  Plaintiffs chose to file in California, and they should come to their
17  chosen forum for the court-ordered settlement conference.  Alternatively, Plaintiffs should pay for
18  one Uber client-representative to travel to New Orleans so that the parties can meet in person
19  without the need for Plaintiffs to travel.

20
21
22
23
24
25

---

26  [2]    Indeed, in the *Crawford* action, the plaintiffs opposed Uber's motion to transfer to the
27  Southern District of Mississippi, arguing (among other things) that litigating so far from home is
    worth the "three trips to California"—*i.e.*, for "one deposition, *one settlement conference*, and one
28  trial."  *Crawford v. Uber Techs., Inc.*, No. 3:17-cv-02664, ECF No. 24, at 17 & n.11 (N.D. Cal.,
    filed Sept. 7, 2017) (emphasis added).

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION REGARDING PARTICIPATION IN THE
GENERAL ORDER 56 SETTLEMENT CONFERENCE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated:  March 5, 2018

By: s/ Anne Marie Estevez

Anne Marie Estevez
Stephanie Schuster
Clara Kollm
Kathy H. Gao

*Attorneys for Defendants*

4

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION REGARDING PARTICIPATION IN THE
GENERAL ORDER 56 SETTLEMENT CONFERENCE