MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
200 Biscayne Boulevard, Suite 5300
Miami, FL 33131
T:  305.415.3000
F:  305.415.3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Clara Kollm (*pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T:  202.739.3000
F:  202.739.3001
stephanie.schuster@morganlewis.com
clara.kollm@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: 213.612.2500
F: 213.612.2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*
*Uber Technologies, Inc. & Rasier, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHAN NAMISNAK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-06124-RS<br><br>**NOTICE TO CORRECT THE RECORD & UNOPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' SUPPLEMENTAL ARGUMENT ON THE MOTION TO COMPEL ARBITRATION** |

1

## NOTICE TO CORRECT THE RECORD & ADMINISTRATIVE MOTION

2   Defendants Uber Technologies, Inc. and Rasier, LLC move for leave to file a short

3 response to Plaintiffs' supplemental argument in opposition to Defendants' motion to compel

4 arbitration.  On April 6, 2018, when Plaintiffs sought Defendants' position on their "Unopposed

5 Motion for Leave to Supplement Opposition to Arbitration" (ECF No. 43), Defendants stated that

6 they "would not oppose" the motion, "on the condition that [Defendants] be provided an

7 opportunity to respond."  Ex. A to Declaration of Stephanie Schuster ("Schuster Decl.").  On

8 Saturday, April 7, 2018, Plaintiffs' counsel responded: "That's fair!"  *Id.*  Plaintiffs filed their

9 motion to the same day.  In their filing, Plaintiffs represented that "Defendants do not oppose this

10 motion," but said nothing about Defendants having an opportunity to respond.  ECF No. 43.

11   On April 9, 2018, Defendants asked Plaintiffs to file a corrected document that accurately

12 reflects Defendants' position.  Schuster Decl. Ex. A.  Plaintiffs refused, but offered to file a notice

13 to correct the record, which itself failed to reflect Defendants' position.  *Id.*  Defendants provided

14 revised language, and advised Plaintiffs that if they would not correct their representation

15 accurately, Defendants would file a correction themselves.  *Id.*  Plaintiffs did not respond, and a

16 short time later, this Court granted Plaintiffs' motion.  ECF No. 45.

17   Defendants' non-opposition to Plaintiffs' Motion always was conditioned on Defendants

18 also being provided leave to respond to any supplemental argument.  However, due to Plaintiffs'

19 refusal to correct their representation after Defendants brought the error to their attention, this

20 Court had no opportunity to determine whether it would permit Defendants to file a short

21 response to Plaintiffs' supplemental argument, necessitating this filing.

22   Accordingly, Defendants respectfully move this Court for leave to file the annexed

23 proposed response to Plaintiffs' supplemental argument, which has now been deemed filed.

24 Plaintiffs do not oppose Defendants having an opportunity to respond.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: April 9, 2018                    MORGAN, LEWIS & BOCKIUS LLP

By: s/ Anne Marie Estevez
    Anne Marie Estevez
    Stephanie Schuster
    Clara Kollm
    Kathy H. Gao

    *Attorneys for Defendants*

MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
200 Biscayne Boulevard, Suite 5300
Miami, FL 33131
T:  305.415.3000
F:  305.415.3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Clara Kollm (*pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T:  202.739.3000
F:  202.739.3001
stephanie.schuster@morganlewis.com
clara.kollm@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: 213.612.2500
F: 213.612.2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*
*Uber Technologies, Inc. & Rasier, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHAN NAMISNAK, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>             Defendants. | Case No. 3:17-cv-06124-RS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL ARGUMENT IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

1        Defendants moved to compel arbitration on two distinct theories: (1) Plaintiff Miraglia

2   had notice of and affirmatively assented to arbitrate his claims; and (2) Plaintiffs Namisnak and

3   Falls, who have not entered an agreement to arbitrate their claims, nevertheless are bound to

4   arbitrate them as a matter of equitable estoppel.  Plaintiffs base their supplemental argument on

5   the Ninth Circuit's unpublished decision in *Robinson v. OnStar, LLC*, — F. App'x — , 2018 WL

6   1323630 (9th Cir. Mar. 15, 2018), which Plaintiffs call a "significantly relevant case."  Pl.

7   Supp. 1.  *Robinson* is not at all relevant to Defendants' motion to compel.

8        The plaintiff in *Robinson* conceded that she formed an agreement with OnStar when she

9   called to activate a trial subscription, but disputed that a commitment to arbitration was part of

10  that agreement.  *Robinson*, 2018 WL 1323630, at *1.  For the plaintiff was not put on notice that

11  OnStar would be sending her "additional terms and conditions, including the arbitration

12  agreement."  *Id.*  Without notice, the panel ruled that the plaintiff could not have assented to the

13  arbitration agreement.  *Id.*

14       None of that is relevant here.  Miraglia does not dispute his assent to the 2016 Terms &

15  Conditions, including the arbitration provision.  As for Namisnak and Falls, Defendants do not

16  argue that they assented to the agreement.  Rather, Defendants maintain that Namisnak and Falls

17  are equitably estopped to avoid the arbitration provision in the Terms & Conditions because they

18  seek to benefit from other provisions of the Terms & Conditions in this litigation.  *Robinson* was

19  not an equitable estoppel case and, therefore, does not aid Plaintiffs.

20                           Respectfully submitted,

21  Dated: April 9, 2018             MORGAN, LEWIS & BOCKIUS LLP

22

23                              By: s/ Anne Marie Estevez

                                        Anne Marie Estevez

24                                     Stephanie Schuster

                                     Clara Kollm

25                                     Kathy H. Gao

26                              *Attorneys for Defendants*

27

28

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL ARGUMENT IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL ARBITRATION