# Bizer & DeReus

3319 St. Claude Ave. New Orleans, LA 70117

Andrew D. Bizer, Licensed in LA, NY
Garret S. DeReus, Licensed in LA, MO
Marc P. Florman, Licensed in LA

phone: 504.619.9999
fax: 504.948.9996
www.bizerlaw.com

---

**VIA EMAIL ONLY**

MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez
200 Biscayne Boulevard, Suite 5300
Miami, FL 33131
T:  305.415.3000
F:  305.415.3001
annemarie.estevez@morganlewis.com

Stephanie Schuster
Patrick Harvey
Clara Kollm
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T:  202.739.3000
F:  202.739.3001
stephanie.schuster@morganlewis.com
clara.kollm@morganlewis.com
Patrick.harvey@morganlewis.com

Kathy H. Gao
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: 213.612.2500
F: 213.612.2501
kathy.gao@morganlewis.com
September 22, 2018

RE:    Request for Reasonable Modification / Reasonable Accommodation in New Orleans, LA
       Directed to: Uber Technologies, Inc. and Rasier, LLC

Dear Ms. Estevez,

     I write on behalf of Stephan Namisnak and Francis Falls. Please be advised that this is a request for reasonable modification / request for reasonable accommodation under Title III of the Americans with Disabilities Act and the Louisiana Commission on Human Rights, La. R. S. 51: 2247. Please be advised that this request is submitted out of an abundance of caution and is not a waiver, admission, or tacit acknowledgement that Mr. Namisnak and Mr. Falls had a legal obligation to send a request for reasonable modification / request for reasonable accommodation prior to filing suit in the action *Namisnak, et. al. v. Uber Technologies, Inc., et. al.* No. 3:17-cv-

1

Exhibit "E"

06124-RS. Please be advised that this letter/request is not provided for the purpose of settlement. Please send this letter to the appropriate individuals / decision makers at Uber.

Mr. Namisnak and Mr. Falls are individuals with disabilities that live and reside in New Orleans, Louisiana. Mr. Falls has paraplegia as a result of a spinal cord injury. He is also missing his right arm. Mr. Namisnak has Muscular Dystrophy. As a result of their disabilities, Mr. Namisnak and Mr. Falls use electric wheelchairs for mobility. These electric wheelchairs cannot be folded and stored in the trunk of a car. Further, the electric wheelchairs are too heavy to be manually lifted and placed into the trunk of a car or other vehicle. Instead, to utilize vehicular transportation, Mr. Namisnak and Mr. Falls require a Wheelchair Accessible Vehicle ("WAV").

In New Orleans, Louisiana Uber offers services including UberX, UberXL, and UberAccess. Through the option of UberAccess, a customer can hail a driver trained by Uber in the folding and storing a conventional wheelchair; however, a customer cannot hail a driver with a WAV. Mr. Namisnak and Mr. Falls have assembled a substantial body of evidence that indicates that Uber Technologies, Inc. and Rasier, LLC is operating a transportation network and is exercise control over their drivers. The more Uber Technologies, Inc. and Rasier, LLC are operating a transportation network and are controlling their drivers, then the more said individuals are operating "as an extension of Uber." *See Crawford v. Uber Technologies, Inc.*, No. 3:17-cv-02664-RS, R. Doc. 80, pp. 7. Further, "nothing in Section 12184 requires that an entity own or lease its own vehicles in order to qualify as a private entity providing taxi services within the meaning of the statute." *Id.*

Further, Plaintiffs have amassed substantial evidence that Uber Technologies, Inc. and/or Rasier, LLC are providing WAV service or other reasonable accommodations in other cities, but not in New Orleans. For example, in San Francisco an individual can easily open the Uber Application, select the option "UberWAV" and hail an UberWAV. While the wait time might be longer, there are vehicles available on demand. Indeed, even undersigned counsel Garret DeReus

took a screenshot of this service on September 20, 2018.[1] The same service is being provided by Uber in Chicago, Illinois; in New York, New York; and Washington, D.C., among others.

     In other locations, Uber has utilized a variety of methodologies to provide WAV service. It would appear from public records that in Chicago, Illinois Uber has run promotions seeking the retention of drivers with WAV vehicles; according to news reports, Uber has been working with drivers and rental and leasing partners over the past year to expand its fleet and now has 65 wheelchair-accessible vehicles on the road available through the app.[2] According to other reports, Uber has dispatched a fleet of more than 60 wheelchair accessible vehicles onto the streets of Philadelphia.[3] Clearly, Uber has the ability to utilize its nearly infinite resources to develop accessibility options that make its service meaningfully accessible to individuals with disabilities.

     Uber has been under an obligation to change its policies/practices without sending a letter such as this one. Uber should have already changed its operational policy and made its services accessible to persons with disabilities. By and through this letter/request, Mr. Falls and Mr. Namisnak hereby request that Uber Technologies, Inc. and Rasier, LLC cease violating the ADA and utilize its resources, internal knowledge, and business know-how to change its operational policies and provide WAV service in New Orleans, Louisiana and its surrounding areas. Mr. Falls and Mr. Namisnak expect that, within seven (7) days of receipt of this letter, that Uber will begin providing WAV service in New Orleans, Louisiana. Further, Mr. Falls and Mr. Namisnak expect that, within seven days of receipt of this letter, that Uber will ensure that a fleet of approximately 30-60 WAV vehicles are available in New Orleans. Indeed, this is less than the size of the fleet



---

[1]

[2] http://www.chicagotribune.com/news/local/breaking/ct-uber-handicapped-accessibility-0720-20170719-story.html

[3] https://www.phillymag.com/business/2017/07/06/uber-lyft-wheelchair-accessible-wav/

that Uber provides in Chicago and Philadelphia. Uber has had sufficient of time, opportunity, and notice of the need to provide WAV service in New Orleans, Louisiana.

Mr. Falls and Mr. Namisnak cannot tell Uber how it must change its internal business practices and operations to provide WAV service in New Orleans, Louisiana. The ADA does not require Mr. Falls and Mr. Namisnak to tell Uber how to run its business. But  Mr. Falls and Mr. Namisnak request that any UberWAV service Uber provides in New Orleans meet the equivalency standard of 49 C.F.R. § 37.105. Given Uber's recent $72 billion valuation, we are confident that Uber can use its resources and problem-solving abilities to bring itself into compliance with the law without further delay.

We appreciate your attention to this request.

Very truly yours,

Garret S. DeReus